RIERA ET AL. *v.* GROMER, TREASURER OF PORTO RICO.

APPLICATION for the Writ of *Mandamus.*

No. 133.—Decided June 24, 1910.

MANDAMUS—CLAIMS MADE BY NOTARIES—LEGISLATIVE COMMITTEE—COMPLIANCE WITH DUTY.—The Legislative Committee designated by the Act of March 5, 1905, having presented its report to the Legislative Assembly in regard to the claim of notaries, complied with the duty imposed upon it by said law, and it cannot be alleged that it failed to comply with its duty on account of the fact that the committee reported that the claims were without any legal basis whatever.

ID.—LEGISLATIVE COMMITTEE—MATTERS OF A LEGISLATIVE CHARACTER—JUDICIAL
    AUTHORITY.—The judicial authorities cannot by means of the writ of *man-
    damus* compel an official appointed by the Legislature to render a report in
    any particular sense, because such matters are beyond the province of judicial
    authority.
ID.—RELATIONS BETWEEN DEFENDANTS AND PETITIONERS.—Where no relation ex-
    ists imposing a duty or obligation upon defendant in respect to petitioners,
    the writ of *mandamus* will not issue to compel the defendant to perform a
    particular act.

The facts are stated in the opinion.

*Mr. Mariano Riera Palmer* for petitioners.

*Mr. Foster V. Brown, Attorney General,* for defendants.

MR. JUSTICE WOLF delivered the opinion of the court.

Mariano Riera Palmer, a notary public of Mayagüez, whose commission bears date June 1, 1892, on behalf of himself and other notaries makes an application for a *mandamus,* peremptory or alternative as the case may be, commanding Samuel D. Gromer, Treasurer, A. P. Sawyer, Auditor, and Foster V. Brown, Attorney General of Porto Rico, to fix as soon as possible the actual value of each of the notarial offices in existence before January 1, 1901. To determine this valuation was one of the duties fixed on the same or a similar commission of executive officials by the Law of March 9, 1905. The petition in this case sets up that, instead of fixing said valuation, the said commission proceeded to characterize the claims of said notaries as void and ineffectual from a legal standpoint and that they thus avoided the duty imposed upon them by law. However, the essential duty imposed upon said commission by said law was to report to the Legislature at its next regular session. This report was made to the Legislature. If the report was unsatisfactory to the Legislature that body had the right to take any other steps it saw fit. The alleged failure of the Legislative Committee to make the report in a particular manner was a matter of legislative control and did not come under the jurisdiction of the judicial branch of the Government. The commission reported. As no further duty was imposed upon it by the Legislature it ceased to exist. No writ of *mandamus* can reach it. The

three respondents named owe the relator no duty in this regard and the application must be denied.

*Application denied.*

Justices MacLeary and del Toro concurred.

Chief Justice Hernández and Justice Figueras did not take part in the decision of this case.